IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MELVIN EDUARDO GIRON CHELEY, | § § § | |
| *Petitioner*, | § § | |
| V. | § § | CIVIL ACTION NO. SA-26-CV-00128-FB |
| MIGUEL VERGARA, Field Office Director of Enforcement and Removal Operations, San Antonio Field Office, Immigration and Customs Enforcement; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; PAMELA BONDI, U.S. Attorney General; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; and ROSE THOMPSON, Warden of Karnes County Immigration Processing Center, | § § § § § § § § § § § § | |
| *Respondents*. | § | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court are Petitioner Melvin Eduardo Giron Cheley's ("Petitioner") Petition for Writ of Habeas Corpus (ECF No. 1), the Federal Respondents' ("Respondents") response (ECF No. 4), and Petitioner's reply (ECF No. 6). After careful consideration, the petition (ECF No. 1) is **GRANTED**. It is **ORDERED** that:

1. Respondents are **DIRECTED** to **RELEASE** Petitioner Melvin Eduardo Giron Cheley (A 206 261-255) from custody, under appropriate conditions of release, to a public place as soon as practicable but **no later than February 2, 2026**;

2. Respondents must **NOTIFY** Petitioner's counsel by email [Simon Yehuda Sandoval-Moshenberg, ssandoval@murrayosorio.com, (434)-218-9376] of the exact location and exact time of Petitioner's release as soon as practicable and **no less than two hours before his release;**

3. Any possible or anticipated removal or transfer of Petitioner under this present detention is **PROHIBITED**.

4. If Petitioner is re-detained pursuant to Section 1226, all applicable procedures must be followed, including that he be afforded a bond hearing;

5. Respondents shall **FILE** a Status Report **no later than February 2, 2026**, confirming that Petitioner has been released under appropriate conditions of release.

## BACKGROUND

Respondents have held Petitioner in immigration custody since his arrest by Respondents on September 9, 2025. They currently hold him subject to mandatory detention without bond under 8 U.S.C. § 1225(b)(1).

The parties do not dispute any of the material facts in this case. Petitioner, a citizen of Guatemala, entered the United States without inspection in 2013, when he was eighteen years old. He was detained and subject to expedited removal as an arriving alien. Petitioner filed an application for asylum and passed a credible fear interview ("CFI"). Respondents vacated the expedited removal order and placed Petitioner into traditional removal proceedings under § 1229a. They released Petitioner on bond under 8 U.S.C. § 1226(a). Petitioner continued to pursue his asylum application. However, Respondents agreed to dismiss the removal proceedings against him prior to his final asylum hearing in 2023. Respondents rearrested Petitioner on September 9, 2025, while he was on his way to work. They issued a new Notice to Appear ("NTA") commencing a new round of removal proceedings against Petitioner.

In the instant habeas petition, Petitioner asserts various claims, including that his detention violates the Due Process Clause of the Fifth Amendment and provisions of the Immigration and

Nationality Act ("INA"). His primary argument is that his detention violates the plain language of the INA because 8 U.S.C. § 1225 does not apply to individuals who previously entered and are now residing in the United States. Instead, he contends such individuals are subject to a different statute, 8 U.S.C. § 1226(a) that (1) expressly applies to individuals who are charged as inadmissible for having entered the United States without inspection and (2) allows for release on conditional parole or bond. He contends that Respondents' new legal interpretation based on the BIA ruling in *In re Yajure Hurtado*, 29 I. & N. Dec. 216, 220 (BIA 2025), is plainly contrary to the statutory framework and contrary to decades of agency practice applying § 1226(a) to people like him.

## DISCUSSION

Courts in the Western District of Texas have agreed with Petitioner. *Vega-Vega v. Bondi*, No. SA-25-CV-1869-JKP at docket entry number 6 (W.D. Tex. Jan. 6, 2026); *Gonzalez-Gomez v. Bondi*, No. SA-25-CV 1861-JKP at docket entry number 7 (W.D. Tex. Jan 6, 2026); *Jaimes v. Lyons*, No. SA-25-CV-1700-FB at docket entry number 7 (W.D. Tex. Dec. 18, 2025); *Rahimi v. Thompson*, Order, No. SA-25-CV 1338-OLG (W.D. Tex. Dec. 4, 2025); *Tinoco Pineda v. Noem*, No. SA-25-CA-01518-XR, 2025 WL 3471418 (W.D. Tex. Dec. 2, 2025); *Granados v. Noem*, No. SA-25-CA-01464-XR, 2025 WL3296314 (W.D. Tex. Nov. 26, 2025); and *Mendoza Euceda v. Noem*, Order, No. SA-25-CV-1234-OLG (W.D. Tex. Nov. 17, 2025).

For reasons previously stated in other cases, the Court finds that (1) it has jurisdiction to consider the arguments presented in the instant habeas petition; (2) Respondents have violated provisions of the INA; and (3) Petitioner cannot be detained under 8 U.S.C. § 1225(b). The Court declines to consider any constitutional or other challenge presented.

Respondents argue *Canales-Melgar v. Noem*, No. SA-25-CA-01571-XR at docket entry number 7 (W.D. Tex. Dec, 23, 2025), mandates Petitioner's detention.  That case turned on the fact that the Petitioner had been referred to removal proceedings from expedited removal, following a CFI, and remained in the "entry fiction" throughout an uninterrupted removal process to the present day. *Id.* at pages 2, 8.  Here, the Court agrees with Petitioner that the entry fiction ended along with the end of the original removal proceedings.  As evidenced in the new NTA in 2025, Respondents charged Petitioner under § 1182(a)(6)(C)(i) as already present in the United States without having been admitted or paroled.  Indeed, there is no evidence that Respondents themselves maintain the entry fiction with respect to Petitioner in any context today.  Under the facts and circumstances of this case, this Court concludes Petitioner's detention is unlawful and habeas relief is proper.  However, because fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, are not available in habeas corpus proceedings like this one, *see Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023), the Court denies any request for fees in this case.

## CONCLUSION

IT IS THEREFORE ORDERED that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) is **GRANTED**.  It is **ORDERED** that:

1. Respondents are **DIRECTED** to **RELEASE** Petitioner Melvin Eduardo Giron Cheley (A 206 261-255) from custody, under appropriate conditions of release, to a public place as soon as practicable but **no later than February 2, 2026**;

2. Respondents must **NOTIFY** Petitioner's counsel by email [Simon Yehuda Sandoval-Moshenberg, ssandoval@murrayosorio.com, (434)-218-9376] of the exact location and exact time of Petitioner's release as soon as practicable but **no less than two hours before his release;**

3. Any possible or anticipated removal or transfer of Petitioner under this present detention is **PROHIBITED**.

4. If Petitioner is re-detained pursuant to Section 1226, all applicable procedures must be followed, including that he be afforded a bond hearing;

5. Respondents shall **FILE** a Status Report **no later than February 2, 2026**, confirming that Petitioner has been released under appropriate conditions of release.

A Final Judgment shall issue separately.

It is so ORDERED.

SIGNED this 29th day of January, 2026.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE